

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LLONIZ GUTIERREZ-MONTENEGRO,

    Defendant.

CR 04-30059-2-AA

OPINION AND ORDER

AIKEN, Judge:

    Defendant, appearing *pro se*, moves to reduce his sentence to account for his alleged minimal participation in the offense of conviction. The motion is denied.

    On March 17, 2005, defendant pled guilty to possession with intent to deliver a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). At sentencing on August 8, 2005, defendant argued that he qualified for downward departures based on his minimal participation and lack of knowledge regarding the purity of drugs. The court sentenced petitioner to 108 months imprisonment and did not depart downward based on minimal

1   - OPINION AND ORDER

participation. The court stated that it might reconsider defendant's role in the offense after his co-defendant was sentenced. Judgment was entered on August 9, 2005. Defendant did not appeal.

On January 23, 2007, defendant's co-defendant was sentenced. The court did not apply role adjustments in the co-defendant's case and did not reconsider defendant's role in the offense.

Defendant now seeks a reduction in sentence based on his mitigating role. However, I find no grounds warranting such a reduction. Further, in his plea agreement, defendant waived the right to appeal or collaterally attack of his conviction and sentence on grounds other than ineffective assistance of counsel, newly discovered evidence, or retroactive application of the guidelines or statute. See United States v. Buchanan, 59 F.3d 914, 917 (9th Cir. 1995) (an express waiver of the right to appeal or to collateral attack is valid if made voluntarily and knowingly).

Accordingly, defendant's motion for reduction of sentence (doc. 87) is DENIED.

IT IS SO ORDERED.

Dated this 13 day of May, 2008.

_____
Ann Aiken
United States District Judge

2   - OPINION AND ORDER